■ VICTORY CONTAINER CORPORATION, Respondent-Appellant, v CALVERT FIRE INSURANCE COMPANY, Appellant-Respondent, and INRAM CORPORATION, Respondent, et al., Defendants. WARRENSBURG PAPER & BOARD CORPORATION, Plaintiff-Intervenor-Respondent-Appellant. — Order, Supreme Court, New York County (David H. Edwards, J.), entered December 16, 1983, denying the respective motion and cross motion of plaintiff Victory Container Corporation (Victory), plaintiff intervenor Warrensburg Paper and Board Corporation (Warrensburg) and defendant Calvert Fire Insurance Company (Calvert) for summary judgment, unanimously modified, on the law, to grant summary judgment to defendant Calvert against plaintiff Victory, and otherwise affirmed, with costs to Calvert against Victory.

Calvert issued a fire insurance policy to Victory, effective May 18, 1975, which insured Victory and its affiliates. Attached to the policy was a schedule of additional interests which provided, in pertinent part:

"Location #3: Warrensburg, New York
Additional insured — Building and Contents:
                     Warrensburg Board and
                     Paper Corporation.
Loss Payee: New York Business Development
                     Corporation
                     100 State Street
                     Albany, New York
                          and
                     Chemical Bank
                     770 Broadway
                     New York, New York".

Thereafter, by notice dated September 22, 1975 and effective October 27, 1975, Calvert notified Victory that

"in accordance with the terms and conditions of the above mentioned policy * * * your insurance will cease at and from the hour and date mentioned above.

"If the premium has been paid, premium adjustment will be made as soon as practicable after cancellation becomes effective.

"If the premium has not been paid, a bill for the premium earned to the time of cancellation will be forwarded in due course."

It is undisputed that such notice was received by Victory. It is also undisputed that a flood damaged the Warrensburg plant on April 2, 1976 and a proof of loss dated January 18, 1977 was submitted by Victory claiming that the damaged premises belonged solely to it and no other persons had any interest in the property except New York Business Development Corporation and Chemical Bank.

Calvert refused payment on Victory's claim. In this action commenced in March 1977, Victory's amended complaint alleged, in pertinent part, that Calvert's attempted cancellation of the policy was unjustified and that a flood caused damage to "plaintiff's Warrensburg plant in the amount of $4,200,000" and that "plaintiff's Warrensburg affiliate was a named scheduled insured under the policy."

During the pretrial deposition of Edward F. Radin it was disclosed that although Victory was owned by the three Radin brothers, and that two of those brothers also owned Warrensburg, which supplied paper to Victory, Victory had no ownership in Warrensburg.

On April 22, 1981, Warrensburg intervened in the action and sought judgment against all defendants except Calvert for their failure to maintain and/or procure the necessary insurance coverage for the plant. Warrensburg alleged that it was entitled to sue "[b]y reason of intervening plaintiff, an affiliate of plaintiff Victory Container Corporation, being the owner and operator of the Warrensburg plant and an additional insured under the policy". Warrensburg also alleged it was entitled to an apportionment of any damages which might be recovered by Victory. However, the Warrensburg complaint sought no judgment against Calvert but only as against the other defendants.

Nonetheless, Victory and Warrensburg then made a joint motion for summary judgment against Calvert on the ground that the policy was never validly terminated as against "additional insured Warrensburg, the owner of the paper manufacturing plant property and the sole real party in interest." Victory asserted that although it had no cause of action on its own, it was entitled to sue on behalf of "Warrensburg as the beneficiary" under the Calvert policy.

Calvert cross-moved for summary judgment, alleging, in part, that the notice of cancellation mailed to Victory was also effective as to Warrensburg because they shared offices. Moreover, Warrensburg had never filed a proof of loss or timely commenced suit against Calvert. Thus, any claim it might have was barred by the one-year Statute of Limitations set forth in the policy.

Special Term denied the motion and cross motion on the ground there were issues of fact.

The policy does not appear to have been effectively canceled as to Warrensburg, since it is undisputed that no cancellation notice was ever sent to Warrensburg, a named additional insured. However, at least with respect to Victory, this is irrelevant. It stands undisputed that Victory has no ownership in Warrensburg and thus no insurable interest in the damaged paper plant. Thus, it is also irrelevant that the policy appears to have been effectively canceled as to Victory. It is clear from the record that the only proof of loss filed was filed on behalf of Victory, which plainly had no insurable interest in the Warrensburg plant. Victory sought recovery in its own name. Victory could only assert claims available to it. Moreover, even assuming that Victory could assert a claim on behalf of Warrensburg as a named beneficiary, it is undisputed that Warrensburg never filed any proof of loss and did not commence suit against Calvert within the one-year period prescribed by the policy. The attorney for Victory and Warrensburg, in his moving affidavit in support of the motion for summary judgment, concedes that any independent action by Warrensburg against Calvert would be barred by the Statute of Limitations.

Accordingly, any claim asserted on its behalf by Victory is likewise barred. Concur — Ross, J. P., Carro, Bloom and Fein, JJ.